WILLIAM W. HOLLAND *et al.*, administrator, plaintiffs in error, *vs.* HIRAM BROOKS, defendant in error.

1. When the evidence is in conflict, but there is ample evidence to support the verdict, and no rule of law has been violated in the Court below, this Court will not interfere.
2. As the rule has been repeatedly announced, and is well known to the profession, this Court will award damages in cases brought here which clearly fall within it.

Motion for New Trial. Damages. Bill of Exceptions. Before Judge ROBINSON. Jasper Superior Court. April Term, 1869.

Brooks sued Jonas W. Holland for damages, averring that he had damaged Brooks' land (described in the declaration) by obstructing the free and natural passage of the water in a certain creek which ran through said land, and thus rendering said land useless for cultivation, and by filling up a ditch on Brooks' land. Holland pleaded the general issue. The petit jury found for Brooks $250 00. An appeal was taken. Holland died, and his representative was made a party. The special jury, in November, 1867, found for Brooks $550 00. Judge Foster was then presiding. Holland's counsel being sick, time was given for preparing a brief of the evidence, and to move for a new trial. The grounds for new trial were, that the verdict was strongly and decidedly against the

Holland *et al.*, *vs.* Brooks.

weight of the evidence, and because of an alleged refusal of Judge Foster to charge as requested. The brief of the evidence was submitted to Judge Foster, and approved by him in writing. He also denied, in writing, having refused to charge as requested. This paper was filed in the Clerk's office, and upon it Judge Robinson, Judge Foster's successor, heard the motion, and refused a new trial. For so much of the evidence as is material to an understanding of the law of the case, see the opinion. This refusal is assigned as error. (When the cause was called here, the Reporter, counsel for Brooks, moved to dismiss the bill of exceptions because the evidence was not embodied therein. The bill of exceptions began in the usual form, and said, "the following oral and documentary evidence was introduced: (See brief of oral and documentary evidence filed on motion for a new trial.") (Here occurred a blank page.) The next sentence was: "The jury, after being charged by the Court, retired, and returned a verdict for $550 00 damages for plaintiff, whereupon defendant moved for a new trial, upon the following grounds:" Here was a blank of two pages, then the brief of evidence, requests to charge, comments of Judge Foster, etc., followed, and after that came the motion for new trial, etc. The Clerk then certified that "the foregoing is the true original bill of exceptions, and a true and complete transcript of the record, and the evidence, oral and documentary, hereto attached, is a true copy of the original evidence filed on the motion for a new trial." All the foregoing were attached together. The motion was based upon the belief, from the foregoing facts, that there never was any evidence in the bill of exceptions, but that the Clerk had put it in after the bill of exceptions was filed. Counsel for plaintiff in error averring that that was not so, the Court, upon an inspection of the papers, overruled the motion.

G. T. BARTLETT, C. PEEPLES, for plaintiff in error.

KEYS & PRESTON, CLARK & PACE, by the REPORTER, for defendant in error.

BROWN, C. J.

We see no reason why this case should have been brought to this Court. It had been twice tried in the Court below. The jury on the first trial found for the plaintiff $250 00. The last jury, which is admitted by counsel for the plaintiff in error to have been a very intelligent one, found for the plaintiff $550 00. The Judge of the Superior Court refused to set aside the verdict and grant a new trial, and we have no fault to find with his ruling. There is evidence that the ditch cost plaintiff about $500 00, that up to the time of the obstruction put in the creek below by Holland, the ditch worked well, and there were no bad places in the bottom. The same witness, Henderson, says the last time he was there the ditch had *filled up*, caused by Holland's obstructing the old bed of the creek to make the water run in a ditch which he had cut. Again he says: "The water, before the obstruction, *run rapidly* from Brooks' ditch, after that it stood smoothly for fifty yards above the cross fence; at fair weather the water did not back to the top of Brooks' ditch, but only six or eight inches in the ditch. The water was raised eighteen to twenty inches at the obstruction to make it run into Holland's ditch."

Witness Shropshire says the land is not now fit for cultivation, like field above, too wet from water thrown up; has seen obstructions at the end of Holland's ditch, thinks that makes the land wet; pretty smart fall before obstructions; the year he saw it thinks it would produce thirty-five bushels per acre. It was also in evidence that the creek has but little fall generally.

It therefore appears, from this evidence, that the creek had but little fall; that plaintiff, at an expense of about $500 00, had ditched out and drained some twenty-five acres of bottom land, that would produce, say thirty-five bushels of corn per acre; that defendant built an obstruction across the creek, some distance below plaintiff's line, which raised the water eighteen to twenty inches; that prior to the obstruction it run off *rapidly* from plaintiff's ditch, but afterwards stood

Holland *et al.*, *vs.* Brooks.

smoothly for fifty yards above the cross fence; and that the water backed six or eight inches in the ditch.

Take all this evidence together, and we think it was sufficient to justify the finding of the jury, notwithstanding there was other conflicting or explanatory evidence. Every person at all familiar with such business, knows that a ditch on a sluggish stream, which has sufficient fall to run off and keep open, and even deepen itself, when unobstructed, will fill up by degrees, if it is so obstructed, as to cause the water to flow back six or eight inches deep in the ditch, and "stand smoothly," and that bottom lands, which may have been drained by it, will, in a few years, again become too wet for cultivation. We think that about the true history of this case, and we have no doubt the two juries who tried it, being composed of plain practical men, as we suppose, were of the same opinion.

It was insisted, however, in the argument, that the damages were excessive, if any were proved. We are not able to say so, in opposition to the finding. The jury may have estimated the cost of the ditch, and the damage to it, as well as the loss or diminution of the crops from this cause, from the time the obstruction commenced till the commencement of the action, together with the damage to the land, and may have arrived at the present verdict. We do not say that a different finding would not have been justified by other parts of the evidence. We only say the evidence which was in conflict justified the finding, and that the jury, whose province it was to find the facts, had ample evidence before them to sustain the verdict.

2. There was no complaint that any rule of law was violated by any instruction given by the Judge to the jury on the trial. The whole case rested here upon the alleged insufficiency of the evidence to support the verdict. We have announced the rule, over and over again, that this Court will not, in such case, set aside the verdict when the evidence is in conflict, and there is sufficient evidence to sustain it. As the learned counsel in this case are familiar with the decisions of this Court, we are constrained to conclude that

the case was brought here for delay only, and we feel it is our duty, in affirming this judgment, to awárd damages in favor of the plaintiff in the Court below against the defendants in that Court.

Judgment affirmed, and ten per cent. damages awarded.