## TANNER *vs.* CHAPMAN.

APPEAL, FROM FLOYD.  Torts.  Damages.  Negligence.  (Before Judge Branham.)

Hall, J.—1.  If the defendant removed the furniture (for the destruction of which suit was brought to recover damages) from the house where it was left and where the plaintiff had a right to leave it, without authority from her and at his own risk, he thereby became liable for any injury done to it while it was being removed from one place to another, or while it was in his custody at the place where it was offi-

·ciously moved by him without the owner's consent previously obtained. He is liable for damages resulting from such an act, whether he exercised care in the removal of the furniture or not. 2 Bouv. L. Dic., 186. Story Bailments, §§189, 190.; -Southern Express Company *vs.* Palmer & Co., 40 Ga., 94.

(a) The jury had the right to believe the plaintiff and her witnesses, and if they did so, there was sufficient evidence to authorize a verdict.

2. There being no exception to any ruling or charge of the court, the verdict being authorized by the evidence, and the court below being satisfied therewith, this court will not interfere.

Judgment affirmed.

W. T. Cheney, for plaintiff in error.

R. D. Harvey & Son, for defendant.